**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ilia Charov; David Wynn Miller, ) | No. CV-11-0007-PHX-LOA |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Greenpoint Mortgage Funding ) | |
| Incorporated; Maryn Conveyancing ) | |
| Corporation; Mortgage Electronic ) | |
| Registration Systems Incorporated; Bank ) | |
| of American Home Loans; Bank of New ) | |
| York, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiffs commenced this lawsuit on January 3, 2011. (Doc. 1) This case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 2) On January 13, 2011, Magistrate Judge Anderson issued a Notice of Assignment and Order, directing Plaintiffs to submit on or before January 19, 2011: (1) their written elections to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States district judge, and file (2) a First Amended Complaint in compliance with Rule 8(a), Fed.R.Civ.P., and LRCiv.7.1. As explained in detail in Magistrate Judge Anderson's January 13, 2011 order, the First Amended Complaint must contain a short and plain statement of Plaintiffs' factual and legal allegations that establish a "plausible claim" against each Defendant, consistent with *Twombly* and *Iqbal*; specify the District Court's jurisdictional basis; and clarify their

1  federal and state statute(s), if any, upon which Plaintiffs are relying to support their
2  claim(s).
3        On January 19, 2011, Plaintiffs filed an "Amended Complaint" which is
4  nearly identical to their initial Complaint, containing eight pages of typed, underlined,
5  and bolded *non sequiturs* with attachments including part of Magistrate Judge Anderson's
6  January 13, 2011 order with strangely-written numbers over most words in the order.
7  (Doc. 5).
8        "It is well established that '[d]istrict courts have inherent power to control
9  their docket.'" *Ready Transportation, Inc., v. AAR Manufacturing, Inc*.,627  F.3d 402, 404 (9th
10 Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071,
11 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138
12 F.3d 393, 398 (9th Cir. 1998)).  "This includes the power to strike items from the docket
13 as a sanction for litigation conduct." *Id*. (citing, among others, *Lazy Y Ranch Ltd. v.*
14 *Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008) (discussing, but declining to rule on,
15 the ability of a district court to strike documents submitted as exhibits to a motion);
16 *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc*., 397 F.3d 1217, 1224-26 (9th Cir.
17 2005) (upholding a district court's grant of a motion to strike deposition corrections and a
18 declaration as a sanction when a party had violated Fed.R.Civ.P. 30(e)).
19       A district court's inherent power also permits it to dismiss an entire action
20 to rein in abusive conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to
21 dismiss an action to sanction abusive conduct such as judge-shopping or failure to
22 prosecute). This inherent power, however, "must be exercised with restraint and
23 discretion. A primary aspect of that discretion is the ability to fashion an appropriate
24 sanction for conduct which abuses the judicial process." *Ready Transp., Inc*., 627 F.3d at
25 404-405 (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir.
26 1986) (*per curiam*) (requiring a district court to weigh, among other factors, "the
27 availability of less drastic sanctions" before resorting to dismissal as a sanction).
28       In his January 24, 2011 Order to Show Cause, doc. 10, Magistrate Judge

Anderson forewarned Plaintiffs that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case with or without prejudice. Also see, *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (citing cases); *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991) (court may "fashion appropriate sanction for conduct" including "outright dismissal.").  "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az.Ct.App. 2009) (concluding the trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (collecting federal and state cases of dismissals for failure to comply with court orders).

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits justify sanction); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*.,

1  mandates the early and on-going judicial management of the pretrial process. Under the
2  CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement
3  techniques and strategies designed to dispose of cases in an efficient and inexpensive
4  manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D.
5  420, 423 (D. Del. 1992).  Additionally, federal judges "are subject to the injunction of
6  Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just,
7  *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153,
8  177, (1979) (emphasis in original).  Plaintiffs' failures to timely comply with Magistrate
9  Judge Anderson's January 13 and 24, 2011 Orders are frustrating the speedy and
10 inexpensive resolution of this case.

11          In determining whether to dismiss a case for failure to comply with court
12 orders, district courts weigh five factors:  (1) the public interest; (2) the court's need to
13 manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy
14 favoring disposition of cases on their merits; and (5) the availability of less drastic
15 alternatives. *Ferdik*, 963 F.2d at 1260-61.  Plaintiffs' failures to comply with court orders
16 are frustrating the Court's responsibilities mandated by Rule 1, FED.R.CIV.P.,and the
17 Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, such as, "setting  early, firm trial
18 dates, such that the trial is scheduled to occur to occur *within eighteen months* after the filing of
19 the complaint. . . ." 28 U.S.C. §473(a)(2) (emphasis added). Plaintiffs' *pro se* status does
20 not discharge their obligation to "abide by the rules of the court in which [they]
21 litigate[]." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir.
22 1986).

23          After considering the adequacy of lesser sanctions, that Plaintiffs have been
24 forewarned that sanctions may be imposed, and weighing all five *Ferdik* factors to
25 determine if dismissal is appropriate due to Plaintiffs' failure to comply with the court
26 orders, the Court concludes that dismissal of Plaintiffs' Complaint *without prejudice* is
27 appropriate and just under the circumstances of this case.
28          Accordingly,

1  **IT IS ORDERED** that Plaintiffs' Complaint is hereby dismissed without
2  prejudice. The Clerk is kindly directed to terminate this case.

4  **DATED** this 22nd day of February, 2011.

Stephen M. McNamee
United States District Judge